# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### No. 571
### GROESBECK v. MAYER
Ohio Appeals, First District, Hamilton County
No. 2100. Decided June 18, 1923

SHERIFF'S SALE—(1) Defective description of property by sheriff in notice of public sale.

BUCHWALTER, J.

#### Epitomized Opinion

This is an action to quiet title and for other relief. One Stone became the owner of one-third interest in the real estate in question by deed from her father, and in 1919 she executed and delivered to Groesbeck a quit claim deed to all her interest in said premises. The defendant Mayer also claimed an interest in the premises in that he held a deed executed in 1918 to him by the sheriff of Hamilton county. The plaintiff claimed that the attempted sale of said real estate by the county for the payment of taxes and penalties was invalid and a cloud upon his title, and that during the years 1911 and 1916 taxes and penalties were illegally charged against said premises upon tax duplicate. The plaintiff claimed that these assessments were illegal in that the description of said premises given on the auditor's duplicate and as advertised was improper and incorrect. The trial judge held for the defendant, whereupon the plaintiff prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. As the description was not so vague or faulty as to mislead either the owner or prospective purchasers, the sale by the sheriff was valid in every respect.

Attorneys—Waite, Schindel & Bayless and Herbert Shaffer, for Groesbeck; Nichols, Morrill, Stewart & Ginter, for Mayer.

### No. 572
### CRANE & CO. v. WORKS
Ohio Appeals, First District, Hamilton County
No. 2204. Decided June 25, 1923

NEGLIGENCE—(1) No error in court's charge on the question of violating speed ordinance—(2) Violator of GC. 12603 is presumptively guilty of negligence—(3) Verdict not manifestly against the weight of evidence.

CUSHING, J.

#### Epitomized Opinion

Works, a porter on a Pullman car, was injured while leaving the Pennsylvania passenger station in Cincinnati. The evidence disclosed that when Works came out of the station entrance he saw a street car standing at a crossing about 75 feet away. He attempted to reach the car before it started, and while running across the street was struck by a small truck owned by the defendant company and injured. Plaintiff claimed that the company was negligent in that its driver was operating the truck at a speed greater than was reasonable and proper at that particular location, and that the driver of the truck swerved it to the left, thus colliding with plaintiff. The evidence showed that people were accustomed to cross the street at that point, that there were many taxicabs there, and that there was some business property across the street. The jury returned a verdict for the plaintiff in the sum of $350 whereupon defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. As there was some evidence tending to establish the fact that the accident occurred in a business or closely built up portion of Cincinnati, the court did not err in instructing the jury that if it found that the defendant truck was going at a speed greater than 15 miles per hour it would be guilty of negligence.

2. Under GC. 12603, going at a speed greater than 15 miles per hour in the business and closely built up portions of a municipality is presumptive evidence of a speed which is greater than is reasonable and proper.

3. As the verdict is supported by some evidence, it cannot be said as a matter of law that it is manifestly against the weight of the evidence.

Attorneys—Stephens, Lincoln & Stephens, for Crane & Co.; Stern & Shrader, for Works.

### No. 573
### OYLER v. LOUISVILLE & NASHVILLE R. R. CO. et al
Ohio Appeals, First District, Hamilton County
No. 2168. Decided June 18, 1923

COMMON CARRIERS—(1) Liability of initial carrier under Section 20 of Carmack Amendment—(2) Intermediate carriers cannot be sued jointly for delay or loss of goods—(3) Acts of intermediate carriers are separate and independent acts, and not joint in character.

HAMILTON, J.

#### Epitomized Opinion

This was an action brought by Oyler & Oyler, partners, against two intermediate common carriers and a delivering carrier, for a joint tort. Plaintiffs were consignees of 700 crates of sweet potatoes which were shipped from Patterson, Ga. This shipment was turned over to the L. & N. R. R. by the initial carrier and while in the latter's possession it was instructed by the consignee to divert the car containing the crates to Detroit, Mich. The plaintiff complained of a delay in shipping these goods to Detroit, and also complained of negligence in their handling. It also appeared that the L. & N. R. R. had turned the goods over to another intermediate carrier, namely the C. C. C. & St. L. R. R. which in turn turned them over to the delivering carrier of the Michigan Central R. R. The plaintiffs claimed in their petition that the two connecting carriers and the delivering agent were jointly negligent. A demurrer was filed to the petition by one of the defendants upon the ground that there was a misjoinder of parties and of causes of action. The Michigan Central R. R. also filed a motion to set aside the service. As the motion and demurrer were sustained in the Common Pleas Court of Hamilton county, plaintiffs prosecuted error. In sustaining the demurrer, the Court of Appeals held:

1. Under Section 20 of the Carmack Amendment to the Interstate Commerce Act, a shipper has a right to proceed against the initial carrier, relieving him from the task of discovering the carrier or carriers whose negligence caused the loss or may have been responsible for the delay.

2. Where an initial carrier is not a party defendant, it is impossible to join intermediate or connecting carriers as parties defendant in one tort action based upon a delayed shipment or loss.

3. The liability of an intermediate common carrier for the safety of goods delivered to it for carriage or its authorized agent.

Attorneys—H. E. Hightower, for Oyler; Harmon, Colston, Goldsmith & Hoadly, for L. & N. R. R. Co., et al.